UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROGER RENARD ADAMS, | Case No. 24-cv-00314-JD |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE SERVICE** |
| J. MARQUEZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and plaintiff filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that prison officials violated his due process rights, retaliated against him for filing a staff complaint and defamed him. Interests protected by the Due Process Clause may arise from two sources: the federal Due Process Clause and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id.* at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.

Prisoners are protected from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal

1 prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."
2 *Wolff*, 418 U.S. at 556.  The minimum procedural requirements that must be met in such
3 proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the
4 prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his
5 defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for
6 taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when
7 permitting him to do so would not be unduly hazardous to institutional safety or correctional
8 goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented
9 are legally complex.  *Id*. at 563-71.
10 To recover damages for an allegedly unconstitutional conviction or imprisonment, or for
11 other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a
12 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct
13 appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such
14 determination, or called into question by a federal court's issuance of a writ of habeas corpus.
15 *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  *Heck* bars a claim of unconstitutional
16 deprivation of time credits because such a claim necessarily calls into question the lawfulness of
17 the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence.
18 *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (applying *Heck* bar to claim that officials used
19 unconstitutional procedures in a disciplinary hearing that resulted in the deprivation of time credits
20 if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of
21 the judgment").
22 "Within the prison context, a viable claim of First Amendment retaliation entails five basic
23 elements: (1) An assertion that a state actor took some adverse action against an inmate (2)
24 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
25 exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
26 correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).
27 *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under §
28 1983 for retaliation must allege that he was retaliated against for exercising his constitutional

3

1  rights and that the retaliatory action did not advance legitimate penological goals, such as
2  preserving institutional order and discipline). The prisoner must show that the type of activity he
3  was engaged in was constitutionally protected, that the protected conduct was a substantial or
4  motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no
5  legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring
6  retaliatory motive from circumstantial evidence).

**Plaintiff's Allegations**

On January 12, 2022, defendant Marquez found plaintiff guilty at a disciplinary hearing for possession of an altered electronic tablet. Plaintiff lost privileges and 30 days of time credits. Plaintiff argues that Marquez relied on his own opinion and there was insufficient evidence to support the finding. Marquez then improperly threw the tablet away in the garbage.

Plaintiff filed a complaint of staff misconduct against Marquez. The complaint was investigated by defendant Leon who found no misconduct in a report issued on April 13, 2023. Plaintiff contends that Leon failed to properly investigate the allegations.

On April 16, 2023, defendant Rendon issued a Rules Violation Report ("RVR") against plaintiff for filing the staff complaint against Marquez. This was based on Leon's investigation. Plaintiff was found guilty of the RVR because his staff complaint led to numerous staff interviews and investigative casework. Later, the RVR was reissued and ultimately dismissed.

Plaintiff also alleges that the investigation and RVR contained false allegations that defamed his character.

**Discussion**

The Court previously found that plaintiff's claim of retaliation was sufficient to proceed but dismissed the remaining claims with leave to amend. With respect to the January 12, 2022, disciplinary hearing, the claim was dismissed with leave to amend to provide more information. Plaintiff lost time credits and pursuant to *Heck* he cannot challenge the validity of the disciplinary finding in a civil rights action until the finding has been reversed or expunged. Plaintiff was also instructed to describe how his due process rights were violated. Plaintiff's amended complaint fails to address these deficiencies. Plaintiff acknowledges that he lost time credits but does not

4

address the *Heck* issue. Nor does he describe how his rights were violate pursuant to *Wolff*. This claim is dismissed without prejudice and plaintiff may seek relief in a civil rights complaint if the disciplinary finding is reversed or expunged.

Nor does plaintiff state a claim regarding the destruction of the electronic tablet. Neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random and unauthorized. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).

Plaintiff's amended complaint again fails to state a claim about the investigation of his staff complaint. While the defendant may have violated prison regulations in conducting the investigation and plaintiff does not agree with the findings, this fails to state a federal claim for relief.

With respect to the retaliation allegations, Rendon specifically issued an RVR against plaintiff for engaging in the protected conduct of filing a staff complaint. This RVR was based on Leon's investigation. This claim of retaliation is sufficient to proceed against Rendon and Leon.

To the extent plaintiff presents a due process claim against Rendon for issuing the RVR, the claim is dismissed. Plaintiff states that the RVR was ultimately dismissed by prison officials. If the procedurally protected liberty interest of which the prisoner is deprived during the disciplinary process is restored during the prison administrative appeal process, the prisoner does not have a due process claim. *See Frank v. Schultz*, 808 F.3d 762, 763-64 (9th Cir. 2015) (summary judgment properly granted to defendants on due process claim where prisoner filed a successful administrative appeal which led to the removal of the incident report from his file and the forfeited credits were restored).

Nor does plaintiff present a claim for defamation based on his assertions that the investigation and RVR contained false allegations. "Damage to reputation alone is not actionable under § 1983." *Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006). However, if a government official's act of defamation results in a plaintiff being deprived of a previously held constitutionally protected right, a plaintiff may be able to state a claim for defamation under Section 1983 on the theory that he or she has been deprived of a constitutionally protected right

5

without the procedural guarantees of the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 708-09 (1976). To state a claim for Section 1983 defamation, a plaintiff must demonstrate (1) that he was stigmatized by a defamatory statement, and (2) that, as a result of the defamatory statement, he was denied of a federally protected interest without due process of law. *Hart*, 450 F.3d at 1070 (quoting *Paul*, 424 U.S. at 701-02). Plaintiff's conclusory allegations fails to show that he was stigmatized by a defamatory statement or deprived of any constitutional rights.

The filing of a false RVR by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *Muhammad v. Rubia*, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), aff'd, 453 F. App'x 751 (9th Cir. 2011). This is because "a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983." *Id*. at *3 (internal citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2–3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), aff'd, 393 F. App'x 488 (9th Cir. 2010). Plaintiff fails to present a claim of defamation.

## CONCLUSION

1. This case continues with a claim of retaliation against Rendon and Leon. All other claims and defendants are dismissed. Once defendants waive service or are served, and counsel for them appears, this case will be referred for mediation to the Northern District of California Pro Se Prisoner Mediation Program.

2. The Court orders that the follow defendants be served electronically at Correctional Training Facility: Sergeant D. Rendon and Investigator A. Leon.

Service on the listed defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via

email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the Court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.   To expedite the resolution of this case, the Court orders:

   a.   No later than sixty days from the date of service, defendant will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and will conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he will so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court will be promptly served on the plaintiff.

   b.   At the time the dispositive motion is served, defendant will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be

7

given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

    c. Plaintiff's opposition to the dispositive motion, if any, will be filed with the Court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

  If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    d. If defendant wishes to file a reply brief, they will do so no later than fifteen days after the opposition is served upon him.

    e. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  4. All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 26, 2024

_____
JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.